UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| E.L. PHELPS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil No. 1:11-cv-01142-ABJ |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) ) | |
| JOHN CRUMPTON STOMBER, et al., | ) ) | |
| Defendants. | ) ) ) | |

JONATHAN GLAUBACH'S MOTION AND STATEMENT OF POINTS AND
AUTHORITIES IN RESPONSE TO THE PRIVATE SECURITIES LITIGATION REFORM
ACT'S LEAD PLAINTIFF PROVISIONS

Interested party Jonathan Glaubach ("Glaubach"), respectfully submits this motion and statement of points and authorities in response to the related federal securities fraud class actions and in support of his application for appointment as lead plaintiff and approval of his selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.

## STATEMENT OF POINTS AND AUTHORITIES

On June 21, 2011, E.L. Phelps filed two essentially identical securities fraud class actions on behalf of certain domestic purchasers of the Class B common shares and restricted depositary shares ("RDS") of Carlyle Capital Corporation ("CCC" or the "Company"), during the period from June 19, 2007 through March 17, 2008, inclusive (the "Class Period") and were damaged thereby, seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").[1]  These actions are subject to the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*

As alleged, throughout the Class Period, defendants made material misrepresentations and failed to disclose material adverse facts about CCC's true financial condition, business and prospects.  Specifically, the *Phelps* Actions allege that, *inter alia*, defendants caused the Company to disseminate financial statements that were not fairly presented and failed to make complete and timely disclosures concerning certain actions taken by CCC's officers and directors which resulted in the Dutch market regulator to suspend trading in CCC at the end of trading on March 6, 2008. *Phelps/CCC*, ¶103.  Then, on March 11, 2008, CCC announced that "it expect[ed] lenders w[ould] soon take possession of substantially all" of its remaining assets after it was unable to meet surging

---

[1]      *See E.L. Phelps v. Stomber, et al.*, No. 1:11-cv-01142-ABJ (D.D.C.) (filed June 21, 2011), Docket No. 1 ("*Phelps/Stomber*"); and *E.L. Phelps v. Carlyle Capital Corp.*, No. 1:11-cv-01143-ABJ (D.D.C.) (filed June 21, 2011), Docket No. 1 ("*Phelps/CCC*") (collectively, the "*Phelps* Actions").  The *Phelps* Actions are almost identical class actions, except that *Phelps/Stomber* charges certain of CCC's former officers and directors with violations of the Exchange Act, while *Phelps/CCC* charges only CCC with violations of the Exchange Act.

margin calls on its portfolio of residential-mortgage-backed-securities. *Id*., ¶104. Ultimately, the Royal Court of Guernsey issued a "winding up" order on March 17, 2008 directing that CCC be liquidated. *Id*., ¶105.

Of initial concern, the *Phelps* Actions involve solely claims arising under §§10(b) and 20(a) of the Exchange Act. These claims are brought on behalf of those who purchased or otherwise acquired CCC's common shares and RDS during the Class Period. *See, e.g.*, *Phelps/CCC*, ¶¶4, 20, 22. Because CCC is a foreign issuer whose common stock and RDS all trade on foreign exchanges, however, the viability of these claims arising out of defendants' 2007 misrepresentations were directly impacted by the United States Supreme Court's opinion in *Morrison v. Nat'l Austl. Bank Ltd*., __U.S. __, 130 S. Ct. 2869 (2010). *Compare Morrison*, 130 S. Ct. at 2888 ("Section 10(b) reaches the use of a manipulative or deceptive device or contrivance only in connection with the purchase or sale of a security listed on an American stock exchange . . . .") *with Phelps/CCC*, ¶22 ("CCC common stock traded on Eurolist by Euronext"). *See also In re Alstom SA Sec. Litig.*, 741 F. Supp. 2d 469, 473 (S.D.N.Y. 2010) (§10(b) does "not encompass purchases and sales of covered securities that occur outside of the United States"); *In re Vivendi Universal, S.A. Sec. Litig*., 765 F. Supp. 2d 512, 532 (S.D.N.Y. 2011) ("American ordinary share purchasers cannot bring Section 10(b) in the wake of *Morrison*."); *Cornwell v. Credit Suisse Group*, 729 F. Supp. 2d 620, 625-26 (S.D.N.Y. 2010) (indicating that post-*Morrison* "§10(b) would not extend to foreign securities trades executed on foreign exchanges even if purchased or sold by American investors, and even if some aspects of the transaction occurred in the United States"); *Stackhouse v. Toyota Motor Co.*, No. CV 10-0922 DSF (AJWx), 2010 U.S. Dist. LEXIS 79837, at *3 (C.D. Cal. July 16, 2010) (The Supreme Court left "little doubt that it believed that United States securities laws should defer to the law of the country where the security is exchanged.").

Filed over three years after the Dutch market regulator suspended trading in CCC on March 7, 2008 and following the March 17, 2008 "winding up" order, counsel in the *Phelps* Actions opted to assert claims subject to serious statute of limitations challenges by defendants. *See* 28 U.S.C. §1658 (providing a two-year statute of limitations for private securities fraud claims). As such, to the extent the *Phelps* Actions are not dismissed under *Morrison*, defendants will most assuredly argue that they were filed over two years after discovery of the facts constituting the Exchange Act violations.

After conducting a thorough investigation, on August 22, 2011, Glaubach sent out for filing a shareholder class action pursuant to Section 90 of the United Kingdom's Financial Services and Markets Act 2000 ("FSMA 2000"),[2] brought on behalf of all persons who purchased or otherwise acquired shares of defendant CCC in its initial Public Offering ("IPO") or pursuant to the offering documents and other "listing particulars," and were damaged thereby. *See* Ex. B, *Glaubach v. Carlyle Capital Corp., Ltd.*, No. __ (D.D.C.) (sent out for filing August 22, 2011) (the "*Glaubach* Action").

In contrast to the *Phelps* Actions, the *Glaubach* Action is unencumbered by statute of limitations defenses or the jurisdictional limitations imposed by the Supreme Court in *Morrison*. Indeed, unlike the *Phelps* Actions, which faces the two-year statute of limitations for pursuing claims under the Exchange Act, the limitations period for claims arising under §90 of the FSMA 2000 is six years. Similarly, the *Glaubach* Action's §90 claims are not subject to *Morrison's* restrictions on Exchange Act claims involving securities traded on foreign exchanges. And unlike the *Phelps* Actions, the *Glaubach* Action is not subject to the PSLRA's stay of discovery and

---

[2] *See* excerpts of FSMA 2000, §90, attached hereto as Exhibit A.

heightened pleading standards.  *See*, *e.g.*, 15 U.S.C. §78u-4(a) (providing that the PSLRA's provisions shall apply in each private class action arising under the Exchange Act).

For example, the PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  Following notice of the pendency of the Exchange Act action, any member of the purported class may petition the Court for appointment as lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(A); 15 U.S.C. §78u-4(a)(3)(B).  In evaluating these petitions and appointing a lead plaintiff, the Court is to adopt a presumption that the "most adequate plaintiff" is the person that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The *Glaubach* Action should proceed unencumbered by the *Phelps* Actions.  Should this Court find the PSLRA's lead plaintiff provisions relevant to the *Glaubach* Action, however,

Glaubach respectfully requests that the Court appoint Glaubach as the lead plaintiff and his counsel, Robbins Geller, as lead counsel.[3]

DATED:  August 22, 2011                    Respectfully submitted,

                                           THE LAW OFFICE OF ROGER M. ADELMAN
                                           ROGER M. ADELMAN (D.C. Bar No. 056358)


                                           s/ROGER M. ADELMAN
                                           ROGER M. ADELMAN

                                           1100 Connecticut Ave., NW, Suite 730
                                           Washington, DC  20036
                                           Telephone:  202/822-0600
                                           202/822-6722 (fax)
                                           radelman@erols.com

                                           Local Counsel for Jonathan Glaubach

                                           ROBBINS GELLER RUDMAN
                                             & DOWD LLP
                                           MARK SOLOMON
                                           BRIAN O. O'MARA (D.C. Bar No. 996144)
                                           655 West Broadway, Suite 1900
                                           San Diego, CA  92101
                                           Telephone:  619/231-1058
                                           619/231-7423 (fax)

---

[3]      Glaubach is qualified to be appointed lead plaintiff and oversee this action as the representative party because he is "most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Glaubach has a significant interest in the relief sought by this action and has already taken steps to show he will fairly and adequately represent the interests of the class.  15 U.S.C. §78u-4(iii)(I); *see* Ex. C attached hereto.  Glaubach's selection of Robbins Geller, a nationwide shareholder and securities litigation firm with an unrivaled record of litigating shareholder actions and achieving favorable results for shareholders in complex litigation, is qualified to serve as lead counsel for the class further shows he is vigorously advancing the interests of the class.  15 U.S.C. §78u-4(a)(3)(B)(v); *see* Ex. D attached hereto.

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ABRAHAM, FRUCHTER & TWERSKY, LLP
JACK G. FRUCHTER
One Pennsylvania Plaza, Suite 2805
New York, NY  10119
Telephone:  212/279-5050
212/279-3655 (fax)

Counsel for Jonathan Glaubach

I:\MoM\bomara\Carlyle_stmt in resp.doc

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 22, 2011.

s/ ROGER M. ADELMAN
ROGER M. ADELMAN

THE LAW OFFICE OF ROGER M.
ADELMAN
1100 Connecticut Ave., NW, Suite 730
Washington, DC  20036
Telephone:  202/822-0600
202/822-6722 (fax)

E-mail: radelman@erols.com

# Mailing Information for a Case 1:11-cv-01142-ABJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew E. Miller**
  mmiller@cuneolaw.com,ecf@cuneolaw.com,jonc@cuneolaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`