UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| E.L. PHELPS, *et al.*, | ) | Civil Action No. 11-1142 (ABJ) |
| | ) | |
| Plaintiffs, | ) | <u>CLASS ACTION</u> |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN CRUMPTON STOMBER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF GLAUBACH'S RESPONSE TO THE
COURT'S MAY 24, 2012 MINUTE ORDER**

Pursuant to the Court's Minute Order dated May 24, 2012, counsel for Plaintiff Glaubach file this response explaining why they did not attend the May 23, 2012 hearing in this matter.

1.     On May 23, 2012, this Court held a hearing on Defendants' motions to dismiss the Lead Plaintiffs' Consolidated Amended Complaint.  Counsel for Glaubach did not attend that hearing.  While Glaubach's counsel sincerely apologize for any misunderstanding, they did not believe their appearance was required based upon: (i) the Court's Memorandum Opinion dated November 16, 2011; (ii) the Consolidated Amended Complaint dated December 5, 2011; and (iii) the Court's Memorandum Opinion dated April 20, 2012.

2.     As explained more fully below, Glaubach's counsel believed that, in appointing Lead Plaintiff and Lead Counsel, the Court intended Lead Plaintiff and Lead Counsel to represent the interest of all plaintiffs and absent class members, including Glaubach, throughout the litigation, in keeping with usual class action practice.  Thereafter, the Court instructed

Glaubach's counsel to await a ruling on the motion to dismiss the Lead Plaintiff's Consolidated Amended Complaint before taking further action in the case.  Accordingly, counsel for Glaubach did not understand that their presence was required at the May 23, 2012 hearing.

**The Court Vests Control Over the Prosecution
of the Action with Lead Plaintiff and Lead Counsel**

3.      On November 16, 2011, the Court entered a Memorandum Opinion, *inter alia*, appointing the McLister Group as Lead Plaintiff and Cuneo Gilbert & LaDuca and Greenfield and Goodman as Lead Counsel.  [Dkt. #37] (the "Lead Plaintiff / Lead Counsel Order").

4.      Pursuant to 15 U.S.C. 78u-4(a)(3)(B), the Lead Plaintiff / Lead Counsel Order vested the Lead Plaintiff and the Lead Counsel with control over the prosecution of the action and, as is typical in class action practice, thereby ended the direct involvement in the action of counsel for other plaintiffs, including Glaubach's counsel.

5.      Although the Court did not specifically delineate the duties of Lead Counsel, Glaubach's counsel reasonably understood that Lead Counsel in this case, as in other class action cases, would perform the duties of lead counsel set forth in the Manual for Complex Litigation:

> Lead counsel.  Charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. ***Typically they act for the group*** – either personally or by coordinating the efforts of others – ***in presenting written and oral arguments and suggestions to the court***, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

*Manual for Complex Litigation, Fourth,* §10.221 (emphasis added).

6.      In class action and mass tort practice, there can be several or even thousands of separate but related actions filed.  Having to hear from counsel for each of the plaintiffs in each of the separate actions would overwhelm the judicial system.  In order to promote judicial efficiency, courts consolidate cases and appoint lead counsel, as the Court did here:

> "[O]ne of the purposes of coordinated or consolidated pretrial proceedings is to streamline the efforts of the parties and witnesses, their counsel and the judiciary in order to effectuate an overall savings of costs and a minimum of inconvenience to all concerned."

*Newberg on Class Actions* §9.31 (4th Ed.).

7.      Thus, appointing lead counsel with authority to speak for all plaintiffs alleviates the burden on the Court of having to hear from multiple counsel concerning the same issue. "Since all plaintiffs share virtually identical interests concerning the issue of liability, the judicious use of liaison counsel, lead counsel and steering committees could streamline the entire pretrial operation and even eliminate any need for most counsel to travel to the transferee district."  *In re Air Crash Disaster at John F. Kennedy Intern. Airport on June 24, 1975*, 407 F. Supp. 244, 246 (J.P.M.L. 1976).

8.      Based on the foregoing, Glaubach's counsel understood that in appointing a lead counsel, the Court intended for the Court-appointed Lead Counsel in this matter to represent the interests of all plaintiffs and absent class members, including Glaubach, throughout the course of the litigation, including at the May 23, 2012 hearing.

**The Lead Plaintiff Filed a Consolidated Amended Complaint that Alleged
Claims Under the Law of the United Kingdom and Superseded Glaubach's Complaint**

9.      Following the issuance of the November 16, 2011 Lead Plaintiff / Lead Counsel Order, Glaubach remained concerned about whether and how the Lead Plaintiff would prosecute claims under Section 90 of the United Kingdom's Financial Services and Markets Act 2000 ("FSMA 90").  As a result, on November 28, 2011, Glaubach filed a motion for reconsideration of the Lead Plaintiff / Lead Counsel Order*, inter alia*, to raise those concerns with the Court. [Dkt. #39].

10.      However, on December 5, 2011, during the briefing of that motion, Lead Plaintiff filed a Consolidated Amended Complaint alleging a claim under FSMA 90 on behalf of the

class.  [Dkt. #42].  The Lead Plaintiff's Consolidated Amended Complaint became the only operative complaint in this action, superseding the complaint previously filed by Glaubach. Accordingly, as of that date, Glaubach no longer had a live complaint pending before the Court.

11.     Pursuant to the schedule set by the Court, on January 17, 2012, Defendants filed their motions to dismiss.  [Dkt. #51].  Those motions were directed toward the allegations set forth in the operative Consolidated Amended Complaint filed by the Lead Plaintiff and the Lead Counsel appointed by the Court.

12.     Thus, because Glaubach no longer had an operative complaint before the Court, Glaubach's counsel did not believe they were required to attend the hearing on the motion to dismiss the Lead Plaintiff's Consolidated Amended Complaint.

**The Court Denied Glaubach's Motion for Reconsideration and Instructed Glaubach Not to Take Further Action Until After the Court Decided the Pending Motion to Dismiss**

13.     Thereafter, on April 20, 2012, the Court entered a Memorandum Opinion denying Glaubach's motion for reconsideration of the Lead Plaintiff / Lead Counsel Order.  [Dkt. #64] (the "Reconsideration Order").

14.     Specifically in response to Glaubach's concern regarding the Lead Plaintiff's prosecution of claims under FSMA 90, the Reconsideration Order states:

> that the relevant question here is not whether lead counsel would press a particular claim in the same way that Glaubach's counsel would do so; rather, the question is whether the lead counsel is adequate, and the Court has already answered that question affirmatively. ***If such an application is appropriate <u>after</u> ruling on the dispositive motions, the Court will permit Glaubach to seek leave to file an amended FSMA section 90 claim.***

Reconsideration Order at 15 (emphasis added).

15.     Pursuant to the Reconsideration Order, the Lead Plaintiff had the responsibility to defend the FSMA 90 claim in the first instance.  Only later, in the event that the Court dismissed

that claim, would Glaubach be allowed to attempt to assert that claim again. Even then, however, Glaubach would be permitted to do so only after making an application to the Court seeking leave to file an amended claim.

16.     Accordingly, pursuant to the Reconsideration Order, Glaubach's counsel did not believe that they were authorized to address the Court until after the Court issued its ruling on the dispositive motions, at which time Glaubach would first be permitted to determine whether it was appropriate to make an application to the Court for leave to file an amended claim.

**Based Upon the Court's Orders and the Consolidated Amended Complaint, Glaubach's Counsel Did Not Believe that They Were Required to Attend the May 23, 2012 Hearing**

17.     Based on the Lead Plaintiff / Lead Counsel Order, Glaubach believed that Lead Counsel would present oral argument to the Court at the May 23, 2012 hearing and would be representing all putative class members, including Glaubach, on all claims, including FSMA 90, which eliminated any need for Glaubach's counsel to appear at that hearing. *In re Nissan Motor Corp. Antitrust Litigation*, 385 F. Supp. 1253, 1255 (J.P.M.L. 1974), *judgment aff'd*, 577 F.2d 910 (5th Cir. 1978) (noting the appointment of lead counsel could eliminate the need for other plaintiffs' counsel to appear in court).

18.     Moreover, because Glaubach's complaint was superseded by the Consolidated Amended Complaint filed by the Lead Plaintiff, and because the motions to dismiss were directed toward that Consolidated Amended Complaint, Glaubach's counsel did not believe they were required to appear at the May 23, 2012 hearing.

19.     Finally, based on the Reconsideration Order, Glaubach's Counsel believed that the Court prohibited them from even considering addressing any of the claims Glaubach

originally asserted until after the Court issued its ruling on the pending dispositive motions, further obviating the need for Glaubach's counsel to appear on May 23, 2012.[1]

20.     For all of these reasons, counsel for Glaubach believed that their appearance was not required at the hearing on the motion to dismiss the Lead Plaintiff's Consolidated Complaint on May 23, 2012.

**Glaubach's Local Counsel Advised the Court's Staff in**
**Advance of the Hearing that They Would Not Be Attending the Hearing**

21.     Prior to the hearing, Glaubach's local counsel advised the Court's staff that they would not be attending the May 23, 2012 hearing.  Specifically, on May 22, 2012, local counsel for Glaubach responded to a telephone call from the Court's Courtroom Deputy.  Local counsel advised him that counsel for Glaubach were not planning on attending the May 23, 2012 hearing.

**The Court Should Not Take Action Pursuant to LCvR 83.2(i)**

22.     While counsel for Glaubach sincerely apologize for any misunderstanding, counsel for Glaubach respectfully submit that this response explains and justifies their failure to attend the hearing held on May 23, 2012, and provides good cause why the Court should not take any action in accordance with LCvR 83.2(i).

WHEREFORE, Glaubach respectfully requests that the Court should not take action in accordance with LCvR 83.2(i).

DATED:  June 1, 2012                     Respectfully submitted:

                                        THE LAW OFFICE OF ROGER M. ADELMAN
                                        ROGER M. ADELMAN (D.C. Bar No. 056358)


                                        */s/ Roger M. Adelman*
                                        ROGER M. ADELMAN

---

[1] The Court's Minute Order dated May 24, 2012 states that Glaubach is now permitted to respond to Defendants' arguments for dismissal of the FSMA 90 claim.  Glaubach will submit his response pursuant to the schedule set by the Court.

1100 Connecticut Ave., NW, Suite 730
Washington, DC  20036
Telephone:  202/822-0600
202/822-6722 (fax)
radelman@erols.com

*Local Counsel*

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
MARK SOLOMON
BRIAN O. O'MARA (D.C. Bar No. 996144)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ABRAHAM, FRUCHTER & TWERSKY, LLP
JACK G. FRUCHTER
One Pennsylvania Plaza, Suite 2805
New York, NY  10119
Telephone:  212/279-5050
212/279-3655 (fax)

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2012, I authorized the electronic filing of the attached:

PLAINTIFF GLAUBACH'S RESPONSE TO THE COURT'S MAY 24, 2012 MINUTE

ORDER to be electronically filed with the Clerk of the Court using the CM/ECF system, which will

send notification of such public filing to all counsel registered to receive such notice.


                                        */s/ Roger M. Adelman*
                                        ROGER M. ADELMAN (D.C. Bar No. 056358)
                                        THE LAW OFFICE OF ROGER M.
                                        ADELMAN
                                        1100 Connecticut Ave., NW, Suite 730
                                        Washington, DC  20036
                                        Telephone:  202/822-0600
                                        202/822-6722 (fax)
                                        radelman@erols.com