UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| E.L. Phelps, M.J. McLister, D.J. Wu, S.M. Liss and W.F. Schaefer, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>JOHN CRUMPTON STOMBER, et. al,<br><br>    Defendants. | Case Number 1:11-CV-01142-ABJ |

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS COUNT VI
<u>FOR FAILURE TO STATE A CLAIM</u>**

Putative plaintiff Jonathan Glaubach attempts to salvage a claim under Section 90 of the United Kingdom's Financial Services and Markets Act 2000 ("FSMA Section 90") by reference to an expert opinion predicated on factual assumptions and speculation not pled in the Consolidated Complaint ("Complaint"). But the Section 90 claim fails to satisfy Rule 12(b)(6)'s pleading standard, and Glaubach's arguments and expert opinion cannot resuscitate it. Moreover, even if the Court does not dismiss under Rule 12(b)(6), it should do so under the doctrine of *forum non conveniens*.

### I.   Allegations Related to Count VI Are Inadequate to Satisfy the Pleading Standard.

Rule 8's pleading standard is familiar: "the pleadings must suggest a *plausible* scenario that shows that the pleader is entitled to relief." *Jones v. Horne*, 634 F.3d 588, 595 (D.C. Cir. 2011) (emphasis added) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Glaubach mischaracterizes this pleading standard, arguing that a claim can survive a Rule 12(b)(6) motion if it alleges facts that merely suggest a possible inference of liability. Opp. at 2. The possibility of an inference, however, is inadequate, as the Court "'need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.'" *Hughes v. Abell*, 634 F. Supp. 2d 110, 113 (D.D.C. 2009) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Without factual allegations allowing the court "to infer 'more than the mere possibility of misconduct,'" the complaint must be dismissed. *Jones*, 634 F.3d at 596 (quoting *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)); *see also Sharpe v. District of Columbia*, No. 1:11–cv–01812, 2012 WL 1766658, at *3 (D.D.C. May 18, 2012) ("[T]he court's function is not to weigh potential evidence that the

1

parties might present at a later stage, but to assess whether the pleading alone is legally sufficient to state a claim for which relief may be granted." (internal citation and quotation marks omitted) (emphasis in original)).

Both Defendants' expert on UK law, Mr. Bompas, and Glaubach's expert, Mr. Blair, agree that a claim under UK law is available *only if* the UK was the "home state" as defined by EU and UK law.  *See* Bompas Decl. ¶¶ 61–62; Blair Decl. ¶ 8.  But Mr. Blair's opinion on this issue rests almost entirely on factual assumptions that are absent from the Complaint (as to which he was instructed by counsel), as well as hypotheses about possible facts seemingly derived from thin air.  And even then, Mr. Blair opines only that it is possible a claim *might* exist if the "factual matrix" assumed by Mr. Bompas (*i.e.*, the facts alleged in the Complaint) were disproven.  Blair Decl. ¶¶ 8, 57.  Mr. Blair forthrightly admits his reliance on facts *not* alleged in the Complaint, stating that he "has been instructed to disregard [Mr. Bompas's] assumptions," including Mr. Bompas's foundational assumption "that the facts of the case are fully stated in the Complaint as it now stands."  *Id*. ¶¶ 5, 6.  For example, Mr. Blair supposes that the very first sale of shares by CCC, before the public Offering, *may* have taken place in England (and opines that *if this were true*, it would demonstrate CCC's selection of the UK as its home state), *id*. at ¶ 50, but he points to nothing in the Complaint or incorporated documents that even vaguely supports that theory.  As Mr. Blair admits, there is nothing "in the prospectus to indicate where the offers were made," so he can do no more than observe that the "possibility . . . does not seem to [him] improbable."  Blair Decl. ¶ 49.  Mr. Blair's opinion is without any support whatsoever in the Complaint.[1]  Accordingly, even if Mr. Blair's legal opinion as to the interpretation of the FSMA

---

[1] Moreover, Mr. Blair notes that, if the UK were CCC's home state, the Dutch AFM's approval of the prospectus would have been invalid.  Blair Decl. ¶ 56.  But the lead Plaintiffs' argument that Dutch law should apply rests on the regulatory approval by the AFM.  Accordingly, Mr. Blair's supposition contradicts the Complaint, documents incorporated therein, and the arguments offered by lead Plaintiffs.

2

were accepted, the Complaint's factual allegations do not state a claim—whether under Rule 8(a) or the more stringent requirements of Rule 9(b).[2]

Glaubach argues that "if evidence proves" the facts assumed by Mr. Blair, then UK law would apply—and because this hypothesis is "not improbable," the claim should survive a Rule 12(b)(6) motion. Opp. at 7. But the Supreme Court has made clear that more is required: "If a plaintiff is permitted to plead facts that it believes *might* be true, then the commencement of a lawsuit would be nothing more than a speculative enterprise that, if unchecked, would lead to an unjustified fishing expedition." *Am. Petrol. Inst. v. Technomedia Int'l, Inc.*, 699 F. Supp. 2d 258, 264 n.4 (D.D.C. 2010). Glaubach's speculation as to the possible existence of facts outside the complaint is "not entitled to an assumption of truth on a motion to dismiss." *Tsereteli v. Residential Asset Securitization Trust*, 697 F. Supp. 2d 546, 548 n.9 (S.D.N.Y. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Levi v. Brown & Williamson Tobacco Corp.*, --- F. Supp. 2d ---, 2012 WL 1059639, at *3 (D.D.C. Mar. 29, 2012) ("'*Iqbal* was meant to prevent the very course Plaintiffs seek to follow, which is to file a facially implausible complaint and discover their way into a plausible claim.'" (quoting *Dock v. Rush*, No. 9-cv-606, 2010 WL 4386470, at *4 n.3 (M.D. Pa. Oct. 29, 2010)).

Moreover, the factual assumptions relied on by Mr. Blair not only are absent from the operative Complaint, they were absent from Glaubach's own complaint. *See* Dkt. 24. Although Glaubach's complaint, had it alleged facts to support Mr. Blair's opinions, could not cure the

---

*See* Compl. ¶ 75; MTD Ex. 4 (Supp. OM) at 3; Phelps Opp. at 56 n.59 ("The Netherlands also has a governmental interest in the Offering claims, because the Offering Memorandum was filed with and approved by the AFM.").

[2] Because the Complaint's allegations sound in fraud, Rule 9(b)'s more stringent pleading standard applies. *See, e.g., U.S. ex rel. Brown v. Aramark Corp.*, 591 F. Supp. 2d 68, 73–74 (D.D.C. 2008). This is true even as to claims under foreign law. *See United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.,* 216 F. Supp. 2d 198, 220 n.8 (S.D.N.Y. 2002) (applying Rule 9(b) to Canadian law claims of fraudulent conveyance and veil-piercing liability).

deficiencies in the operative Consolidated Complaint, it is telling that, when given a chance to plead a UK securities claim, Glaubach did not plead *any* of the facts on which his expert now seeks to rely.

Unsurprisingly then, the lead Plaintiffs concluded, after consulting with a former justice of the English Supreme Court and conducting "considerable factual research," that they could not plead the facts necessary to state a valid FSMA Section 90 claim. Phelps' Opp. at 71 & n.79. It was entirely appropriate for them to make that determination. Once appointed by the court, a lead plaintiff "is empowered to control the management of the litigation as a whole, and it is within the lead plaintiff's authority to decide what claims to assert on behalf of the class." *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, No. 09 MDL 2059, 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010) (citing *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 n.13 (2d Cir. 2004)). Nothing in Glaubach's Opposition provides a basis to second-guess lead Plaintiffs' determination. (Indeed, Mr. Blair concedes that he would agree with Mr. Bompas's opinions if he were to accept that "the facts of the case are fully stated in the Complaint," Blair Decl. ¶ 5.)

## II.     Count VI Should Be Dismissed Under the Doctrine of *Forum Non Conveniens*.

In the event this Court concludes that Plaintiffs' federal and common law claims should be dismissed but that the FSMA Section 90 claim states a claim, the Court should decline to exercise jurisdiction over that claim based on the doctrine of *forum non conveniens*. A court can dismiss a claim for *forum non conveniens* "if the defendant shows there is an alternative forum that is both available and adequate, and upon a weighing of public and private interests, the strongly preferred location for the litigation." *MBI Group, Inc. v. Credit Foncier Du Cameroun*, 616 F.3d 568, 571 (D.C. Cir. 2010). Other courts have declined to exercise jurisdiction when faced with similar claims. For example, in *In re Banco Santander Securities-Optimal Litigation*, 732 F. Supp. 2d 1305, 1317 (S.D. Fla. 2010), the Court dismissed federal securities claims under

4

*Morrison* and then dismissed the remaining common law claims on the doctrine of *forum non conveniens* because the plaintiffs could assert similar claims under Irish law in Irish courts. *Id.* at 1332–33; *see also id.* at 1318 ("[I]nternational comity is an important public factor of the *forum non conveniens* analysis, and, in this case, deference to the securities laws of other nations weighs in favor of dismissal to Ireland."); *cf. In re BP plc Sec. Litig.*, --- F. Supp. 2d ----, 2012 WL 432611, at *69, *71 (S.D. Tex. Feb. 13, 2012) (dismissing English law claims, including FSMA claim, for lack of original or supplemental jurisdiction after dismissing certain § 10(b) claims under *Morrison*); *Elliott Assocs. v. Porsche Automobil Holding SE*, 759 F. Supp. 2d 469, 476–77 (S.D.N.Y. 2010) (dismissing §§ 10(b) and 20(a) claims under *Morrison* and declining to exercise supplemental jurisdiction over remaining common law claims where determining the merits of those claims would require analysis of German securities law). The expert declarations submitted by both Plaintiffs and Defendants demonstrate that the FSMA Section 90 claim, even if implicated, involves foreign legal issues that would best be resolved by a UK court.

## **CONCLUSION**

For the reasons set forth above, and in Defendants' Memorandum of Law and Reply Brief in Support of their Motion to Dismiss, Count VI of the Complaint should be dismissed and leave to amend should be denied as futile.

        Respectfully submitted,

By  /s/ Robert A. Van Kirk
     Robert A. Van Kirk (D.C. Bar No. 430588)
     R. Hackney Wiegmann (D.C. Bar No. 428345)
     Sarah F. Teich (D.C. Bar No. 979565)
     WILLIAMS & CONNOLLY LLP
     725 Twelfth Street, N.W.
     Washington, DC 20005
     Telephone: (202) 434-5000
     Facsimile: (202) 434-5029
     E-Mail: rvankirk@wc.com

*Attorneys for Carlyle Investment Management L.L.C., TC Group, L.L.C., TCG Holdings, L.L.C., William Elias Conway, Jr., John Crumpton Stomber, James H. Hance and Michael J. Zupon*

/s/ Gary A. Orseck

Gary A. Orseck (D.C. Bar No. 433788)
ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, NW
Suite 411
Washington, DC 20006
(202) 775-4500

*Counsel for Defendants Robert Barclay Allardice, III, Harvey J. Sarles, and John Leonard Loveridge*

Dated: June 14, 2012

## CERTIFICATE OF SERVICE

I, Robert A. Van Kirk, certify that a true and correct copy of this Reply Brief in Support of Motion to Dismiss for Failure to State a Claim was filed through the ECF System on this 14th day of June 2012 and will be sent electronically to all counsel of record.

/s/ Robert A. Van Kirk