UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| E. L. Phelps, M.J. McLister, D.J. Wu, S.M. Liss and W.F. Schaefer, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>John Crumpton Stomber, *et. al*,<br><br>*Defendants*. | No. 1:11-cv-01142-ABJ |
| D.J. Wu, Daniel Bergman, AlNeil Associates, and Michael Gad,<br><br>*Plaintiffs*,<br><br>v.<br><br>John Crumpton Stomber, *et. al*,<br><br>*Defendants*. | No. 1:11-cv-02287-ABJ |

**OUTSIDE DIRECTOR-DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT AND/OR TO AMEND THE JUDGMENT**

Defendants Robert Allardice, H. Jay Sarles, and John Loveridge (the "Outside Directors") submit this memorandum in opposition to Plaintiffs' Motion For Leave To File Amended Consolidated Complaint And/Or To Amend The Judgment. No. 1:11-cv-01142, ECF No. 75; No. 1:11-cv-02287, ECF No. 32.

The Outside Directors join in the arguments made by the Carlyle Defendants in their separate memorandum ("CD Opp."), which are incorporated by reference. We write separately to underscore the glaring and dispositive procedural flaws in Plaintiffs' motion.

## ARGUMENT

Plaintiffs present two separate motions, seeking alternative forms of relief: First, and principally, they contend that, under Rule 15(a), the Court should grant them leave to file yet another amended complaint, because a plaintiff "should typically be afforded at least one opportunity to amend his or her complaint" following a Rule 12(b)(6) dismissal. Pl. Mem. at 6. Second, in the event their Rule 15(a) motion is denied, Plaintiffs invoke Rule 59(e) to amend certain discrete portions of the Court's judgment. *Id*. at 5.

The Court should reject both motions. Plaintiffs' Rule 15(a) motion is precluded because Plaintiffs have not challenged under Rule 59(e) the Court's order dismissing the complaint with prejudice—and any such challenge would be meritless in any event. Additionally, Plaintiffs' Rule 59(e) attacks on "certain of the Court's findings" in its Memorandum Opinion (Pl. Mem. at 1) are of no legal consequence. While Plaintiffs quarrel with *some* of the grounds on which the Court rejected their claims, they do not challenge the Court's holding with respect to loss causation, which is an adequate and independent basis to support the judgment.

I.  **PLAINTIFFS ARE NOT ENTITLED TO RELIEF UNDER RULE 15(a)**

1. Plaintiffs urge the Court to afford them another chance to amend their complaint on the ground that such leave should be "freely given" under Rule 15(a). Pl. Mem. at 5. But Plaintiffs confuse their burden—the Court has *already denied* Plaintiffs an opportunity to re-

plead when it dismissed their complaint with prejudice.[1]  As a result, "the comparatively lenient requirements for filing an amended pleading under Rule 15(a)" are "irrelevant to the threshold question of whether the motion for leave to file an amended pleading should be considered in the first instance."  *Agrocomplect, AD v. Republic of Iraq*, 262 F.R.D. 18, 21 (D.D.C. 2009).  Instead, the Court "cannot permit an amendment unless [Plaintiff] '*first* satisfies Rule 59(e)'s more stringent standard' for setting aside that judgment.'"  *Ciralsky v. C.I.A.*, 355 F.3d 661, 673 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)) (alteration omitted; emphasis added); *see Lightfoot v. Dist. of Columbia*, 555 F. Supp. 2d 61, 66 (D.D.C. 2008) ("The viability of a plaintiff's post-judgment Rule 15(a) motion [] initially depends on the sustainability of the Rule 59(e) motion.").

But Plaintiffs do not argue under Rule 59(e) that the Court committed clear error when it dismissed their complaint with prejudice, as opposed to affording them leave to amend  *See Firestone*, 76 F.3d at 1208 (plaintiff "properly" moved under Rule 59(e) for an order that "the dismissal of the original complaint *with prejudice* was erroneous") (emphasis in original).  Rather, Plaintiffs invoke Rule 59(e) only for the distinct purpose of repeating certain arguments as to why the complaint *already on file* is just fine.  Because Plaintiffs have not moved under Rule 59(e) to amend the Court's order denying them leave to re-plead, their renewed request under Rule 15(a) is procedurally barred.  *See Ciralsky*, 355 F.3d at 673.

2. Even if Plaintiffs had properly challenged the Court's dismissal with prejudice, their Rule 15(a) motion would nevertheless fail because the Court correctly refused leave to amend on futility grounds.  "Where a court determines that the assertion of additional facts

---

[1] On page 86 of their Brief in Opposition to Defendants' Motions to Dismiss, Plaintiffs expressly requested "that they be afforded leave to file an amended complaint" in order to "cure any defects."  No. 1:11-cv-01142, ECF No. 56.  The Court rejected that request**.**

consistent with the challenged pleading would not remedy the deficiency, dismissal of a claim with prejudice is appropriate." *Carty v. Author Solutions, Inc.*, 789 F. Supp. 2d 131, 136 (D.D.C. 2011). Here, the fundamental defects identified by the Court—including Plaintiffs' failure, despite repeated amendments, to identify any material misstatement or to plead loss causation—could not be allayed through further pleading. *See* CD Opp. at 6-7 (citing *In re XM Satellite Radio Holdings Sec. Litig.*, 479 F. Supp. 2d 165, 187 (D.D.C. 2007); *In re GlaxoSmithKline PLC Sec. Litig.*, No. 05 Civ. 3751(LAP), 2006 WL 2871968, at *15 (S.D.N.Y. Oct. 6, 2006)).[2] The Court therefore did not err (much less clearly so) in dismissing the complaint with prejudice. *See Jung v. Ass'n of Am. Med. Colleges*, 226 F.R.D. 7, 9-10 (D.D.C. 2005).

Indeed, Plaintiffs' proposed amended complaint vividly illustrates the futility of any further pleading. While Plaintiffs proffer "material amendments" that purport to "address all of the four material defects found by the Court," Pl. Mem. at 5, their proposed amended complaint comes no closer to stating a claim than its predecessors. *See* CD Opp. at 15-30. Plaintiffs' failure to cure those defects reinforces that the Court was correct to dismiss the complaint with prejudice in the first instance, and likewise renders any error in refusing leave to amend harmless as a matter of law. *Cf. Colvin v. Caruso*, 605 F.3d 282, 294-95 (6th Cir. 2010) (district court's abuse of discretion in denying motion to amend is harmless error where amendment would have been futile).

---

[2] By contrast, Plaintiffs' claim under United Kingdom law (Count VI), was dismissed *without* prejudice where the defect identified by the Court—the failure sufficiently to allege that the United Kingdom was the "home state"—could theoretically be addressed through additional pleading. Mem. Op. at 64.

## II. PLAINTIFFS' LIMITED REQUESTS FOR RELIEF UNDER RULE 59(e) ARE BOTH IRRELEVANT AND MERITLESS

As noted above, Plaintiffs invoke Rule 59(e), not to challenge the dismissal with prejudice, but in support of their "additional and/or alternative" requests to amend certain aspects of the Court's opinion. Pl. Mem. at 5. The Court should not indulge those requests. First, and most obviously, Plaintiffs' narrow requests under Rule 59(e) are beside the point because Plaintiffs *do not challenge* the Court's holding with respect to loss causation. It is therefore irrelevant whether Plaintiffs are correct on any (or all) of their Rule 59(e) arguments—it would not change the outcome. Second, in any event, each of Plaintiffs' arguments is baseless for the numerous reasons explained by the Carlyle Defendants. *See* CD Opp. at 7-12.

## CONCLUSION

For the foregoing reasons, both of Plaintiffs' motions should be denied.

Dated:  October 4, 2012

                                                     Respectfully submitted,

By:   /s/ Gary A. Orseck
       Gary A. Orseck (DC Bar No. 433788)
          gorseck@robbinsrussell.com
       Alison C. Barnes (DC Bar No. 484184)
          abarnes@robbinsrussell.com
       William J. Trunk (DC Bar No. 1003673)
          wtrunk@robbinsrussell.com
       ROBBINS, RUSSELL, ENGLERT, ORSECK,
       UNTEREINER & SAUBER LLP
       1801 K Street N.W., Suite 411-L
       Washington, DC 20006
       Telephone: (202) 775-4500
       Facsimile: (202) 775-4510

*Counsel for Defendants Robert Barclay Allardice, III, Harvey Jay Sarles, and John Leonard Loveridge*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 4, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

                                                                             /s/ Gary A. Orseck