UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **E. L. PHELPS**, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**JOHN CRUMPTON STOMBER, et al.,**<br><br>Defendants. | Case No. 11-cv-01142<br><br>This document relates to all consolidated Actions |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE OF COURT TO SUBMIT REPLY TO DEFENDANTS' TABLE LISTING PURPORTED DISCLOSURES OF OMITTED FACTS**

Plaintiffs E.L. Phelps, Michael J. McLister, Dzing Jean Wu, Susan M. Liss, William F. Schaefer (collectively, the "D.C. Plaintiffs") in Actions Nos. 11-1142 and 11-1143, and Plaintiffs Daniel Bergman, Michael Gad, and AlNeil Associates. (collectively, the "New York Plaintiffs") in Action No. 11-2287 (the term "Plaintiffs" will refer, collectively, to the D.C. Plaintiffs and the New York Plaintiffs) respectfully move for leave of Court to submit a reply to Defendants' submission listing what they describe as pertinent factual disclosures related to the omissions alleged in the proffered amended complaints. For the reasons stated herein, the motion should be granted.

As the parties seeking relief pursuant to Fed. R. Civ. P. 15(c) and 59(a), Plaintiffs have the burden under Rule 15(a) to show that allegations in their proffered amended complaint are not futile, and under Rule 59(a) to show that the Court abused its discretion in dismissing the earlier operative complaint with prejudice.

In light of that burden, Plaintiffs should be accorded the last word in support of their proffered amendments. *See*, e.g., *Palmquist v. Peake*, 2009 WL 1133459, *1 n.1 ( D. Me., Apr. 27, 2009) (movant "is entitled to have the last word"); *Bancorp Services, L.L.C. v. Hartford Life Ins. Co.*, 2002 WL 32727071, *1 (E.D. Mo., Feb.13, 2002)(" the movant is customarily allowed to have 'the last word.'" ), *rev'd on other grounds*, 359 F.3d 1367 (Fed. Cir. 2004) ; *Half Price Books, Records, Magazines, Inc. v. Riepe*, 1998 WL 329383, *2 (N.D. Tex., June 12, 1998) (same); *In re Jim Slemons Hawaii, Inc.,* 2010 WL 691499 (Bankr..D. Hawai'i, Feb. 22, 2010)("movant… had the customary right to 'open and close' the briefing.").

Further, we note that Defendants offered 26 pages of counter proffers to rebut our six pages and went beyond instructions by including a cover letter containing merits allegations and including pure argument in the "middle column" of their ostensible chart of past contentions. Most egregious were their closing passages in which, after admitting an $84 million further decline in fair value reserves that was certainly not mentioned in the OM they state that "investors were FULLY INFORMED of the financial state of the company BEFORE they were able to purchase any shares." (Submission, p. 26). This unsupported and unsupportable statement, which goes beyond Defendants' paper thin "ability to revoke" defense, highlights why Plaintiffs' new complaint goes to the heart of this case.

Defendants further extend their fact-based argument by lumping together purported "disclosures" in the prospectus provided to members of the Class with "disclosures" made in the Supplemental Offering Memorandum (the "SOM") which Plaintiffs allege in the Complaint was never provided to them and intentionally so. Defendants, by using the SOM as they do, would have the Court wholly disregard Plaintiffs' clear allegations regarding the SOM, Defendants should not be permitted to effectively re-write the Complaint and its allegations to support their arguments.

Finally, we note that the present scenario differs from the last time the Court requested submissions of this nature, which was in the context of its consideration of the Defendants' motions to dismiss – motion practice in which the Defendants could properly have expected to

have the final submission. In the present posture of the actions, Plaintiffs should have an opportunity to rebut the Defendants' contentions that they made adequate disclosures such that there were no omissions rendering the OM misleading. In the proffered reply table, attached as Exhibit A to the motion, Plaintiffs have addressed each of the statements that Defendants contend were pertinent disclosures, explaining that most were not disclosures of actual conditions or events occurring at CCC but were merely warnings of adverse events that might occur in the future, others pertained to matters that were not alleged to be the subject of omissions (i.e., describing in general terms CCC's business model, which Plaintiffs do not allege was misrepresented in the OM), and that the relatively few that could be characterized as disclosures of adverse events were (in the case of the Offering Memorandum) partial, inadequate and misleading and/or, (in the case of the SOM), untimely and pointless.

For the reasons stated above, Plaintiffs respectfully pray that the Court grant their motion for leave to file a reply, in the form attached as Exhibit A to the motion, in response to the Defendants' submission listing what they describe as pertinent factual disclosures related to the omissions alleged in the proffered amended complaints.

March 21, 2013                                       Respectfully Submitted,

                                                       /s/ Matthew E. Miller
                                                     Jonathan W. Cuneo (D.C. Bar No. 939389)
                                                     Joel Davidow (D.C. Bar No. 50849)
                                                     Matthew E. Miller (D.C. Bar No. 442857)
                                                     CUNEO GILBERT & LADUCA, LLP
                                                     507 C Street, N.E.
                                                     Washington, DC 20002
                                                     (202) 789-3960

                                                     Richard D. Greenfield (Md. Bar No. 07895)
                                                     Marguerite R. Goodman (D.C. Bar No. 93626)
                                                     GREENFIELD & GOODMAN, LLC
                                                     250 Hudson Street, 8th Floor
                                                     New York, N.Y.  10013
                                                     (917) 495-4446

                                                     *Attorneys for Plaintiffs*

3